UNITED STATES of America,
Appellee,

v.

Ernest BROWN, Defendant–Appellant.

No. 06–2342–cr.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2008.

Georgia J. Hinde, New York, NY, for Appellant.

Steven Weiser (Roslynn B. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Jo Ann M. Navickas, of counsel) United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Circuit Judge, Hon. ERIC N. VITALIANO, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Ernest Brown appeals from a judgment of conviction in the United States District Court for the Eastern District of New York (Trager, *J.*), entered on December 12, 2003, and an order declining to re-sentence him, entered on May 16, 2006.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. In brief, evidence at trial showed that on October 9, 2002, Brown and his co-defendant sold a pistol to an undercover police officer. Brown was convicted, after a jury trial, on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Brown argues that the evidence identifying him as one of the sellers was insufficient to support a conviction. A defendant challenging the sufficiency of the evidence "bears a heavy burden." *United States v. Griffith,* 284 F.3d 338, 348 (2d Cir.2002). "Not only must the evidence be viewed in the light most favorable to the government and all permissible inferences drawn in its favor, but if the evidence, thus construed, suffices to convince any rational trier of fact of the defendant's guilt beyond a reasonable doubt," the conviction must stand. *United States v. Martinez,* 54 F.3d 1040, 1042 (2d Cir.1995) (internal citations omitted). Appellate review for sufficiency is narrow in order to "give[ ] full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Brown took the stand to offer his own version of events; in doing so, he "waive[d] any claim as to the sufficiency of the Government's case considered alone." *United States v. Roldan–Zapata,* 916 F.2d 795, 803 (2d Cir.1990) (internal citation and punctuation omitted). In any event, the government's case against Brown was suf-

---

* The Honorable Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

ficient to convict: two undercover police officers testified that Brown participated in the sale of the pistol.

Brown also challenges his supervisory sentence as substantively unreasonable. We review a sentence for reasonableness using "the deferential abuse-of-discretion standard of review that applies to all sentencing decisions." *Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 598, 169 L.Ed.2d 445 (2007). We cannot conclude that the three-year term of supervised release was an abuse of the sentencing court's discretion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**